**Lal DIN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondents.**

**Docket No. 03–40099–AG.**

United States Court of Appeals, Second Circuit.

Oct. 11, 2005.

---

Lal Din, Jackson Heights, New York, for Appellant, pro se.

Ronald J. Tenpas, United States Attorney for the Southern District of Illinois, Laura J. Jones, Assistant United States Attorney, Office of the United States Attorney for the Southern District of Illinois, Fairview Heights, Illinois, for Appellee.

Present: WINTER, CALABRESI, and POOLER, Circuit Judges.

### SUMMARY ORDER

Lal Din, *pro se,* petitions for review of the BIA decision denying his motion to reopen his immigration proceedings. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Iavorski v. INS,* 232 F.3d 124, 128 (2d Cir.2000). The BIA abuses its discretion where its decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Zhao v. DOJ,* 265 F.3d 83, 93 (2d Cir.2001) (citation omitted). An applicant for asylum who seeks to reopen his immigration proceedings must file a motion to reopen "no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." 8 C.F.R. § 1003.2(c)(2). The ninety-day limit does not apply where, *inter alia,* the applicant seeks to reopen his proceedings in order to apply or reapply for asylum and withholding "based on changed circumstances arising in the country of nationality." 8 C.F.R. § 1003.2(c)(3)(ii). Further, a motion to reopen "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1); *see also Kaur v. BIA,* 413 F.3d 232, 234 (2d Cir. June 22, 2005).

In this case, the BIA's decision denying Din's motion to reopen did not constitute an abuse of discretion. Because the BIA rendered its final administrative decision in Din's case on August 20, 2002, Din was required to file his motion to reopen on or before November 18, 2002. Din did not file his motion to reopen until June 2003, well beyond the required time period. Further, Din provided no evidence of changed circumstances, nor any evidence that he, would be subject to the abuses described in the articles attached to his motion to reopen. Notably, in his motion to reopen, Din noted that "circumstances for the Sikhs ha[d] not changed" since the BIA decision affirming the IJ's denial of Din's application for asylum. Accordingly, the BIA properly denied Din's motion to reopen.