WAN ZHEN LIN Petitioner,

v.

Alberto R. GONZALES,[1] Respondent.

No. 04–3273–AG NAC.

United States Court of Appeals,
Second Circuit.

Nov. 22, 2005.

Wan Zhen Lin, Brooklyn, NY, for Petitioner, pro se.

Glenn T. Suddaby, United States Attorney for the Northern District of New York, Syracuse, NY, William C. Pericak, Thomas A. Capeeza Assistant United States Attorneys, Albany, NY, for Respondent.

Present: CABRANES, RAGGI, and WESLEY, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review be DENIED.

Wan Zhen Lin petitions for review of the June 2004 decision of the BIA denying his motion to reopen his removal proceedings.

A motion to reopen "asks that the proceedings be reopened for new evidence and a new decision, usually after an evidentiary hearing." *Zhao v. U.S. DOJ*, 265 F.3d 83, 90 (2d Cir.2001). An alien is limited to one motion to reopen exclusion or deportation proceedings. *See* 8 U.S.C. § 1229a (c)(7)(A) (2005); 8 C.F.R. § 1003.2(c)(2) (2005). This motion must be filed within ninety days of the final administrative decision. 8 U.S.C. § 1229a (c)(7)(C) (2005); 8 C.F.R. § 1003.2(c)(2) (2005). A motion that does not comply with these time and numerical limitations can only be brought where the alien can establish "changed country conditions arising in the country of nationality...." 8 U.S.C. § 1229a (c)(7)(C)(ii) (2005); 8 C.F.R. § 1003.2(c)(3)(ii) (2005). Such a motion to reopen shall not be granted unless it appears that the evidence offered "is material and was not available and could not have been discovered or presented" at the previous hearing. 8 C.F.R. § 1003.2(c)(1). This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam).

Lin has filed three motions to reopen with the BIA. As designated in the regulations, the BIA will not decide the merits of a motion to reopen where it is time and numerically barred. Lin's motion to reopen, for which the petition for review was filed, was submitted in December 2003, more than five years after the BIA's final order of removal in June 1998. Lin is not eligible for an exception to the time and numerical limitation requirement; he has failed to submit any documents to evidence

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

a change in country conditions in China in the motion to reopen.

For the foregoing reasons, the petition for review is DENIED and the BIA's June 2004 order is AFFIRMED.