**Zhuo MEJE, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–3140–AG.**

United States Court of Appeals, Second Circuit.

Jan. 23, 2006.

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Thomas V. Massucci, New York, New York, for Petitioner.

Paul I. Perez, United States Attorney for the Middle District of Florida, Karin B. Hoppmann, Tonya L. Shotwell, Assistant United States Attorneys, Tampa, Florida, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. REENA RAGGI, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review be DENIED.

Zhuo Meje ("Zhuo") petitions for review of the May 2004 decision of the BIA denying her motion to reopen removal proceedings. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen*

*Zhao v. United States Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). The BIA may properly deny a motion to reopen where the evidence the alien seeks to offer is not material, or where the alien fails to establish prima facie eligibility for relief. *See* 8 C.F.R. § 1003.2(c)(1) (2005); *INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). Here, the BIA correctly determined that Zhuo failed to establish prima facie eligibility for asylum with her evidence of her newborn son and claim that she would face persecution as an unwed mother in China.

Zhuo could not demonstrate past persecution, after the BIA had affirmed the IJ's finding that her initial claim of a forced abortion was not credible. Therefore, her claim rested on establishing a well-founded fear of future persecution, which she failed to do because she did not present "credible, specific, and detailed evidence" that a person in her position would reasonably fear persecution. *See Abankwah v. INS,* 185 F.3d 18, 22 (2d Cir.1999). This Court has "assumed, without specifically deciding," that a Chinese national can base an asylum claim on children born in the United States. *See Jian Xing Huang v. INS,* 421 F.3d 125, 128 n. 1 (2d Cir.2005). However, Zhou presented no evidence to support her specific claim that she would be persecuted as an unwed mother. Therefore, this claim was speculative, and her claim that she would face more serious sanctions, *if* she had more children in the future, was even more speculative. *See id.* at 128–29. Moreover, "persecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Ai Feng Yuan v. United States Dep't of Justice,* 416 F.3d 192, 198 (2d Cir.2005) (quoting *Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995)). The BIA correctly determined that Zhuo failed to establish that the harm she would face amounted to persecution, with her vague

allegations of government punishment and discrimination by others in society. Therefore, the BIA properly found Zhuo's claims too vague and speculative to establish prima facie eligibility for asylum, and did not abuse its discretion in denying her motion. *See Abudu,* 485 U.S. at 104–05, 108 S.Ct. 904; *Jian Xing Huang,* 421 F.3d at 129.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).