**Yu Guan LIN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–6544–AG.**

United States Court of Appeals, Second Circuit.

Feb. 2, 2006.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

**122**

Michael Brown, New York, New York, for Petitioner.

Harry S. Mattice, Jr., United States Attorney for the Eastern District of Tennessee, Robert C. Anderson, Assistant United States Attorney, Chattanooga, Tennessee, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review be DENIED.

Yu Guan Lin petitions for review of the December 2004 decision of the BIA denying his motion to reopen his removal proceedings. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexpli-cably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. United States Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

A motion to reopen must be filed no later than 90 days after the final administrative decision was rendered. 8 C.F.R. § 1003.2(c)(2). Lin filed his motion several months after the 90–day deadline, and therefore it was time-barred.

An applicant may overcome the time bar by establishing changed circumstances in the country of removal, if the evidence of such a change is material and was not available and could not have been discovered or presented at the previous hearing. 8 C.F.R. § 1003.2(c)(3)(ii). The BIA found that Lin did not qualify for this narrow exception, because he simply failed to establish "changed circumstances" in China. Lin's contention that the BIA abused its discretion by failing to give a more detailed explanation for this finding fails, because the BIA has wide latitude in deciding whether to reopen a case. *See INS v. Abudu*, 485 U.S. 94, 108, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). The BIA could have found, rationally and consistent with established policy, that Lin failed to establish changed circumstances in China material to his asylum claim. The IJ denied the claim because he found Lin's testimony of forced abortion, sterilization, and public humiliation incredible, and Lin's evidence that the authorities recently harassed his wife again did little to bolster his credibility with respect to these specific claims. Therefore, the BIA was within its discretion in finding that Lin failed to establish changed circumstances warranting reopening. *See Kaur*, 413 F.3d at 233–34.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal is this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).