FU CHUN PAN, also known as
Gin Pen Luo, Petitioner,

v.

Alberto R. GONZALES,\* Attorney
General of the United States,
Respondent.

No. 04–3884.

United States Court of Appeals,
Second Circuit.

March 3, 2006.

Fu Chun Pan, New York, New York, for
Petitioner.

Gregory G. Lockhart, United States Attorney for the Southern District of Ohio,
Robert C. Bartlemay, Sr., Special Assistant United States Attorney, Dayton, Ohio,
for Respondent.

PRESENT: Hon. AMALYA L.
KEARSE, Hon. ROBERT D. SACK,
Circuit Judges, and Hon. TIMOTHY C.
STANCEU,\*\* Judge.

## SUMMARY ORDER

Fu Chun Pan petitions for review of the
BIA's June 2004 denial of his motion to
reconsider the BIA's February 2004 denial
of his motion to reopen proceedings before
it. We assume that the parties and counsel are familiar with the facts and the
procedural history of this case, and the
scope of the issues raised by this petition.

Because Pan failed to file a timely petition for review of the BIA's December
2003 order, this Court lacks jurisdiction
over the immigration judge's underlying
order denying Pan's application for relief
pursuant to the Convention Against Torture ("CAT"). *Ke Zhen Zhao v. U.S. Dep't
of Justice*, 265 F.3d 83, 89 (2d Cir.2001)
(citing *Stone v. INS*, 514 U.S. 386, 405–06,
115 S.Ct. 1537, 131 L.Ed.2d 465 (1995)).

Pan has filed a timely petition for review
of the BIA's June 2004 denial of his motion
to reconsider, which this Court reviews for
abuse of discretion. *See Kaur v. BIA*, 413
F.3d 232, 233 (2d Cir.2005). An abuse of
discretion may be found where the BIA's
decision "provides no rational explanation,
inexplicably departs from established policies, is devoid of any reasoning, or contains
only summary or conclusory statements;
that is to say, where the [BIA] has acted in
an arbitrary or capricious manner." *Id.* at
233–34 (internal quotation marks and citation omitted). Here, to the extent that
Pan's motion could be read as a motion to
reopen the proceedings, the BIA correctly
determined that any motion to reopen proceedings would be barred because Pan had
already filed one motion to reopen proceedings. *See* 8 C.F.R. § 1003.2(c)(2).
Moreover, the BIA did not abuse its discretion when it denied Pan's motion to
reconsider its previous order, which had
denied his first motion to reopen, because
Pan merely reiterated his previous claims
for CAT relief and therefore failed to establish any factual or legal error on which
the BIA could grant a motion to reconsider.

For the foregoing reasons, the petition
for review is hereby DENIED. The stay

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R.
Gonzales is automatically substituted for former Attorney General John Ashcroft.

\*\* The Honorable Timothy C. Stanceu, of the
United States Court of International Trade,
sitting by designation.

of removal previously granted in this matter is hereby VACATED.