**Oluwayemisi OLOGE, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

**No. 03–40534–AG.**

United States Court of Appeals, Second Circuit.

June 21, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Mark R. von Sternberg, Catholic Charities Community Services, New York, NY, for Petitioner.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Gail A. Matthews, F. Franklin Amant, Assistant United States Attorneys, Brooklyn, NY, for Respondent.

Present DENNIS JACOBS, ROBERT D. SACK and RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Oluwayemisi Ologe petitions for review of the August 2003 decision of the BIA denying her motion to reopen removal proceedings. We assume the parties' familiarity with the facts and procedural history of this case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of dis-

cretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–234 (citations omitted).

■ A motion to reopen "asks that the proceedings be reopened for new evidence and a new decision, usually after an evidentiary hearing." *Zhao v. U.S. DOJ,* 265 F.3d 83, 90 (2d Cir.2001). Such a motion may not be granted unless it appears that the evidence offered "is material and was not available and could not have been discovered or presented" at the previous hearing. 8 C.F.R. § 1003.2(c)(1). While the BIA did not specifically address the new evidence submitted by Ologe, it may address the new evidence in summary fashion without a reviewing court presuming that it has abused its discretion. *See Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006). The information submitted with Ologe's second motion to reopen was not significant to show materially changed circumstances in Nigeria. The BIA therefore did not abuse its discretion.

■ Applying this Court's ruling in *Iavorski,* to the facts of this case, it is apparent that Ologe "[slept] on her rights," which is established by Ologe's admission in her affidavit that she was aware of the "inadequacy of [the] representation" of her former attorney. The due diligence requirement tolls the statute of limitations until the "fraud or concealment is, or should have been, discovered by a reasonable person ..." *Iavorski v. INS,* 232 F.3d 124, 134 (2d Cir.2000). In this case, there was no fraud or concealment for Ologe to discover. Ologe was aware of her inadequate representation, but chose not to make an ineffective assistance of counsel claim in her initial motion to reopen, as

part of her "legal strategy." As a result, the BIA did not abuse its discretion in finding that she was not entitled to equitable tolling. Her ineffective assistance of counsel claim was therefore untimely. *See Id.* at 135.

■ Ologe also claims that the BIA abused its discretion in determining that her second motion to reopen did not make out a case for "significant" changes in country conditions. Although the affidavit submitted, which was offered by Professor Folu F. Ogundimu, is compelling, there is no information in the affidavit that was new and could not have been presented at the hearing before the IJ. Moreover, the State Department Religious Freedom Report, 2002, did not offer any significant new information with regard to a changed political climate in Nigeria. As a result, the BIA did not abuse its discretion in determining that the information submitted with Ologe's second motion to reopen was not significant enough to show materially changed circumstances in Nigeria.

■ While certain omissions from the record may have been material to her claim, Ologe failed to raise this issue before the BIA in a timely manner. *See* 8 U.S.C. § 1229a(c)(7)(C) (2005); 8 C.F.R. § 1003.2(c)(2) (2005) (A motion must be filed within ninety days of the final administrative decision). Ologe had the resources and the requisite knowledge to have raised this claim before the BIA on appeal and in her first motion to reopen. As a result, the BIA did not abuse its discretion when it denied Ologe's motion as untimely.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DE-

NIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1). The mandate shall issue forthwith.