### Nikola DURASEVIC and Kristina Durasevic, Petitioners,

v.

### Alberto R. GONZALES, United States Attorney General, Respondent.

No. 06–2120–ag.

United States Court of Appeals, Second Circuit.

Dec. 8, 2006.

Richard A. Kulics, Birmingham, MI, for Petitioners.

Rod J. Rosenstein, United States Attorney for the District of Maryland, Neil R. White, Assistant United States Attorney, Baltimore, MD, for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. CHESTER J. STRAUB, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Petitioners Nikola and Kristina Durasevic, natives and citizens of the former Federal Republic of Yugoslavia (the former Serbia and Montenegro), seek review of an April 6, 2006 order of the BIA denying their motion to reopen their asylum-only proceedings. *In re Nikola Durasevic, Kristina Durasevic,* Nos. A 79 408 194, A 79 408 195 (B.I.A. Apr. 6, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). Because petitioners filed their motion more than ninety days after the denial of their appeal, they were required to show changed circumstances in Serbia and Montenegro giving rise to a *prima facie* case for asylum, withholding of removal, or relief under the Convention Against Torture ("CAT") in order for their motion to be exempt from the timeliness bar. *See* 8 C.F.R. § 1003.2(c)(2), (c)(3)(ii).

■ The primary applicant, Nikola, first claims that he will be subject to harm for having evaded the draft during the Balkan conflict. He argues that the BIA's conclusion that he did not have a fear of persecution on this basis—due primarily to the existence of an amnesty law for such evaders is undermined by the State

Department's February 2006 Consular Information Sheet for Serbia and Montenegro, indicating that male nationals of Serbia and Montenegro, ages 18 to 27, must perform compulsory military service. Durasevic incorrectly assumes that the current military service rule means the amnesty law is not recognized. While the amnesty law pardons those, like Durasevic, who evaded conscription into the Yugoslav army between April 1992 and October 2000, see U.S. DEPARTMENT OF STATE, 2001 COUNTRY REPORTS ON HUMAN RIGHTS PRACTICES: YUGOSLAVIA, FEDERAL REPUBLIC OF (2002) at 34, the Consular Information Sheet discusses the compulsory military service rule in Serbia and Montenegro in February 2006. This service rule is neither an indication that the amnesty law goes unrecognized nor a punishment for those who evaded service prior to October 2000. Therefore, the BIA did not err in denying Durasevic's motion because the existence of the amnesty law undermined his fear of future persecution as an ethnic Albanian who evaded the military draft.

■ Nikola also alleges, based on the Consular Information Sheet and charges brought against Vlade Divac, a Serbian basketball star, that he will be subject to compulsory military service if returned to Serbia and Montenegro. Even if Durasevic were forced to perform his service retroactively, he has not shown that this conscription would rise to the level of persecution. See Islami v. Gonzales, 412 F.3d 391, 396 (2d Cir.2005). Durasevic submitted no evidence to indicate that the Serbian–Montenegrin army commits human rights abuses or that he would be subject to disproportionate punishment for refusing to serve on account of his ethnicity or any other ground. See id. Also, Durasevic has not alleged what punishment he would be subject to if he refused to serve in the army. Even if he were subject to the one-year prison sentence with which Vlade Divac was threatened, Durasevic has not shown that this would rise to the level of persecution or that it would be imposed on account of a protected ground. Because Durasevic failed to establish that any repercussions or forced service he might face in Serbia and Montenegro would constitute persecution, he could not establish *prima facie* eligibility for either asylum or withholding of removal. See 8 C.F.R. §§ 1208.13(b), 1208.16(b). Durasevic did not argue the merits of an underlying claim for CAT relief in his brief before the BIA. Therefore, the BIA did not err in denying Durasevic's motion to reopen for his failure to demonstrate that he would be subject to persecution. See *Islami,* 412 F.3d at 396.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.