**Sukhminder SINGH, Petitioner,**

**v.**

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 05–1973–ag.

United States Court of Appeals, Second Circuit.

Oct. 5, 2007.

Sukhminder Singh, Bellerose, NY, pro se.

Paula D. Silsby, United States Attorney for the District of Maine, William J. Schneider, Assistant United States Attorney, Portland, ME, for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. B.D. PARKER and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Sukhminder Singh, a native and citizen of India, seeks review of a March 29, 2005 order of the BIA denying his motion to reopen his removal proceedings. *In re Sukhminder Singh,* No. A76 003 023 (B.I.A. Mar. 29, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

As a preliminary matter, to the extent that Singh attempts to reargue the merits of the underlying denial of his asylum application, that decision is not properly before this Court. Only the BIA's March 2005 decision is before us as that is the only decision from which a petition for review was timely filed. *See* 8 U.S.C. § 1252(b)(1).

The BIA properly denied Singh's third motion to reopen as numerically barred. *See* 8 C.F.R. § 1003.2(c)(2) (an alien may

file only one motion to reopen). Moreover, the BIA did not abuse its discretion in finding that Singh failed to present material evidence of changed country conditions in order to satisfy the exception to this numerical bar. *Cf.* 8 C.F.R. § 1003.2(c)(3)(ii); *Poradisova v. Gonzales,* 420 F.3d 70, 78 (2d Cir.2005). Singh submitted no evidence other than the bare assertions in his motion that country conditions had materially changed in India.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.