**NENG BIN ZHANG, Petitioner,**

v.

**Peter D. KEISLER, Acting U.S. Attorney General,[1] Respondent.**

**No. 06–2702–ag.**

United States Court of Appeals, Second Circuit.

Nov. 5, 2007.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Robert J. Pures II, Christophe & Associates, P.C., New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Jeffrey J. Bernstein, Senior Litigation Counsel, Keith I. McManus, Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, DC, for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. WALKER, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Neng Bin Zhang, a native and citizen of the People's Republic of China ("China"), seeks review of a May 16, 2006 order of the Board of Immigration Appeals ("BIA") dismissing his appeal of the November 8, 2005 decision of Immigration Judge ("IJ") Paul A. DeFonzo denying his motion to reopen. *In re Neng Bin Zhang*, No. A73 533 308 (B.I.A. May 16, 2006), *aff'g* No. A73 533 308 (Immig. Ct. N.Y. City, Nov. 8, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not adopt the decision of the IJ to any extent, we review only the decision of the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements;

that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.*

▆ The BIA did not abuse its discretion in denying Zhang's appeal of the IJ's denial of his motion to reopen where the motion was filed nearly nine years after he had been found deportable and had failed to comply with a voluntary departure order, and where he did not demonstrate that the motion met the requirements for an exception to the filing deadline. *See* 8 C.F.R. § 1003.23(b)(1) (motion to reopen must be filed within 90 days of final administrative decision); *id.* § 1003.23(b)(4) (providing exceptions).

▆ In his motion to reopen, Zhang argued that because of the birth of his two children in the United States, and the changed definition of "refugee" under the Immigration and Nationality Act (as amended by the Illegal Immigration Reform and Immigration Responsibility Act of 1996), he had a well-founded fear of persecution under China's coercive population control policies.[2] However, the BIA reasonably found that, as we held in *Wei Guang Wang v. BIA*, 437 F.3d 270, 273 (2d Cir.2006), the birth of his two United States citizen children did not amount to changed conditions in China for purposes of meeting the exception to the 90–day filing deadline. 8 C.F.R. § 1003.23(b)(4)(i). Furthermore, Zhang did not argue in his motion any change in conditions in China relating to its population policies, but rather claimed only that under "the prevailing birth control policy" in China, as evidenced by the State Department's 2004 Report on Human Rights Practices in China and the 1998 Asylum Profile for China, the Chinese government applied its coercive family planning polices to citizens with foreign born children. Moreover, Zhang did not mention the 2002 Population and Family Planning Law in his motion to reopen, and he has made no attempt to explain how this law demonstrated changed country conditions, or how such conditions, if they existed, would apply to his case. *See In re S–Y–G–,* 24 I. & N. Dec. 247, 257 (BIA 2007) (explaining that incremental or incidental change does not meet the regulatory requirements for untimely motions to reopen and even a change in law is insufficient absent evidence that the prior version was meaningfully different); 8 C.F.R. § 1003.23(b)(4)(1).

▆ With respect to Zhang's contention that the agency erred by denying his motion to reopen for the purpose of seeking an adjustment of status, the BIA also reasonably found that he failed to demonstrate that he was exempt from the 90–day filing deadline. While he provided previously unavailable evidence, *see* 8 C.F.R. § 1003.23(b)(3), that the priority date on the approved immigrant visa petition filed on his behalf had become current, Zhang failed to argue—either in his motion to the IJ, in his appeal to the BIA, or in his brief to this Court—that any exceptions to the 90–day filing deadline for motions to reopen were applicable. *Cf. Matter of Velarde–Pacheco,* 23 I. & N. Dec. 253, 256 (BIA 2002). Thus, the BIA did not err in denying his motion to reopen as untimely.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the stay of removal that the Court previously granted in this petition is VACATED. Petitioner's pending request for oral argument in this petition

---

2. Zhang now argues that he merited asylum, withholding of removal, and CAT relief based on his initial claim regarding his involvement with the Student Democracy Movement. This issue was not raised in his motion to reopen with the IJ, and it was not meaningfully raised in his appeal to the BIA. As the issue was not exhausted, we decline to consider it. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 107 n. 1, 119–20 (2d Cir.2007).

is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).