**Lakhwinder SINGH, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

Docket No. 03–4898.

United States Court of Appeals, Second Circuit.

July 21, 2005.

Lakhwinder Singh, Long Island City, New York, (on submission), for Petitioner, pro se.

Kathleen M. Salyer, Assistant United States Attorney (Marcos Daniel Jimenez, United States Attorney for the Southern District of Florida, Anne R. Schultz), Miami, Florida, (on submission), for Respondents, of counsel.

Present: Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges, and Hon. DAVID G. TRAGER, District Judge.[1]

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is hereby **DENIED.**

Petitioner Lakhwinder Singh ("Singh"), a native and citizen of India, petitions this Court for review of an April 21, 2003 order of the Board of Immigration Appeals ("BIA") denying his motion to reopen. The BIA declined to reconsider its earlier order of October 21, 2002, affirming, without opinion, the decision of an Immigration Judge ("IJ"). The IJ rejected Singh's application for asylum and withholding of removal under the Immigration and Nationality Act of 1952 ("INA"), *see* 8 U.S.C. §§ 1158(a), 1231(b)(3), and denied him relief under Article 3 of the United Nations Convention Against Torture ("CAT"), adopted Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85; 8 C.F.R.

---

1. The Honorable David G. Trager of the United States District Court for the Eastern District of New York sitting by designation.

§ 208.16. Furthermore, the IJ directed Singh's removal from the United States.

Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues. In addition to challenging the BIA's April 21, 2003 order, Singh contests the BIA's October 21, 2002 order affirming the IJ's denial of his application for asylum and withholding of removal. Because Singh did not timely appeal this decision, we lack jurisdiction to review it. *See* 8 U.S.C. § 1252(b)(1); *Stone v. INS*, 514 U.S. 386, 405–06, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995); *Ke Zhen Zhao v. U.S. D.O.J.*, 265 F.3d 83, 89–90 (2d Cir.2001).

We review denials of motions to reopen for abuse of discretion, reversing only "where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Zhao*, 265 F.3d at 93 (citations omitted). We hold that the BIA did not abuse its discretion in denying petitioner's motion where the supporting documents Singh provided do not indicate that similarly situated individuals were being harassed for religious or political activities, or do not describe acts against Sikhs in Singh's native Punjab. The articles and affidavit Singh provided the BIA are simply not similar enough to Singh's purported persecution for us to conclude that the BIA abused its discretion in declining to reopen the case.

Accordingly, for the reasons set forth above, the petition for review is hereby DENIED.