**MING CHUNG CHEN, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

No. 03–40595–ag.

United States Court of Appeals, Second Circuit.

Jan. 24, 2006.

Theodore N. Cox, New York, New York, for Petitioner.

Jonathan S. Gasser, United States Attorney for the District of South Carolina, Terri Hearn Bailey, Assistant United States Attorney, Columbia, South Carolina, for Respondent.

PRESENT: Hon. WALKER, Chief Judge, Hon. RALPH K. WINTER, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Ming Chung Chen, through counsel, petitions for review of the BIA's order denying his motion to reopen his final removal order. We assume the parties' familiarity with the underlying facts and procedural history.

This court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34 (citing *Ke Zhen Zhao v. United States Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001)).

Pursuant to 8 C.F.R. § 1003.2(c)(2), a motion to reopen must generally be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened. This time period may be equitably tolled if there is a claim of ineffective assistance of counsel. *See Iavorski v. INS*, 232 F.3d 124, 127 (2d Cir.2000). However, "[f]or an untimely claim to receive the benefit of equitable tolling ... an alien must demonstrate not only that the alien's constitutional right to due process has been violated by the conduct of counsel[ ] but that the alien has exercised due diligence in pursuing the case during the period the alien seeks to toll." *Id.* at 135.

The BIA denied Chen's motion to reopen because it was filed out of time and, despite the fact that Chen claimed ineffective assistance of counsel, he failed to explain why the motion was filed late. This was not an abuse of discretion. Chen offered no explanation in his appeal for why the motion was filed late, and further, in his brief to this court, Chen does not show

that he exercised due diligence in pursuing his case during the period he seeks to toll. *See id.* at 135. Rather, he merely states that his prior counsel, Robert E. Porges, is serving time in prison for immigration fraud, that he met with his current attorney in February 2003, and that his current attorney "diligently filed the motion to reopen on May 20, 2003, close to 90 days from his initial meeting with [Chen]."[1] Porges was convicted in February 2002, one month before the BIA decision affirming the IJ decision, and some fifteen months before Chen filed his motion to reopen. At some point by or after February 2002, Chen learned that Porges no longer practiced law, and it is reasonable to assume that Chen "should have known that he had been a victim of ineffective assistance of counsel" well before the end of the fourteen-month period he seeks to toll. *See id.* at 134. Therefore, since Chen did not pursue his case with due diligence during the fourteen months between the 2002 BIA decision and his 2003 motion to reopen, his claim of ineffective assistance of counsel does not operate to toll the 90 day time-period under 8 C.F.R. § 1003.2(c)(2).

---

1. The correct date of filing is May 22, 2003.