**Cai Shuan CHEN, also known as Cai Shuang Chen, Petitioner,**

v.

**BOARD OF IMMIGRATION**

**876**

REVIEWS,[1] Respondent.

No. 05–0998–AG.

United States Court of Appeals,
Second Circuit.

Feb. 17, 2006.

Gary J. Yerman, New York, New York, for Petitioner.

Glenn T. Suddaby, United States Attorney for the Northern District of New York, Carl J. Boykin, Assistant United States Attorney, Syracuse, New York, for Respondent.

---

1. Because neither party has objected to the designation of the respondent in this petition *for review, the caption reflects the designa*tion as it was filed. However, we assume that petitioner meant to designate the "Board of Immigration Appeals." Further, we note that the Attorney General, not the "Board of Immigration Appeals" (or "Reviews") is the proper respondent. See 8 U.S.C. § 1252(b)(3).

PRESENT: Hon. JON O. NEWMAN, Hon. DENNIS JACOBS, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Cai Shuan Chen, through counsel, petitions for review of the BIA's denial of his motion to reconsider his removal proceedings. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the BIA's denial of a motion to reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233–34 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.; Ke Zhen Zhao v. DOJ*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

■ A petition for review must be filed no later than 30 days after the date of a final order of removal. 8 U.S.C. § 1252(b)(1). Accordingly, this Court may not review Chen's first motion to reconsider, as he did not bring a petition for review of that motion within 30 days of the BIA's decision. The BIA issued its decision regarding Chen's first motion in February 2004, and Chen petitioned the Court for review in March 2005.

■ A party generally may file only one motion to reopen, which must be filed within 90 days, or one motion to reconsider, which must be filed within 30 days, after the date on which a final administrative decision was rendered in the proceeding sought to be re-evaluated. 8 C.F.R. § 1003.2. Here, the BIA did not abuse its discretion in finding that Chen had failed to properly file his December 2004 motion

to reconsider where this is the second such motion, and where it motion was filed more than nine months after his first was denied. Even if his motion were considered to be a motion to reopen, it still would not have been timely filed. The BIA also did not abuse its discretion in declining to reconsider Chen's claim *sua sponte*, as all of Chen's arguments fail.

■ In his brief to this Court, Chen argues that he should be exempt from the filing requirements of his motion to reconsider due to a change in law under *Matter of X–G–W–*, where the BIA held that "marked changes" in the law establish an exception to the filing deadline. 22 I. & N. Dec. 71 (BIA 1998). As evidence of such changes in the law, Chen references this Court's decisions in *Ramsameachire v. Ashcroft*, 357 F.3d 169 (2d Cir.2004) and the Seventh Circuit's decision in *Yi–Tu Lian v. Ashcroft*, 379 F.3d 457 (7th Cir. 2004). But he does not discuss how the cases changed the law, or (more fundamentally) how they affect his case in any way. Even if Chen had argued before this Court what he argued before the BIA in his last motion to reconsider, we would still deny his petition for review because the record indicates that the IJ made a proper finding regarding his CAT claim.

■ Finally, Chen argues that his due process rights were violated because the BIA refused to reopen his case pursuant to the "new law" that was presented in *Ramsameachire* and *Yi–Tu Lian*. However, Chen received a full and fair hearing before an IJ and review on appeal to the BIA, and he has failed to show how any new law was applicable to his case. We therefore conclude that his due process rights have not been violated.

For the foregoing reasons, Chen's petition for review is DENIED. Having completed our review, any stay of removal that

the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral arguments is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).