Ying LI, Petitioner,

v.

**UNITED STATES ATTORNEY GENERAL, Respondent.**

No. 04–5008–AG.

United States Court of Appeals,
Second Circuit.

Feb. 27, 2006.

Gang Zhou, New York, New York, for Petitioner.

Michael J. Garcia, U.S. Atty. for the Southern District of New York, Kristin L Vassallo, James L. Cott, Asst. U.S. Attys., New York, N.Y., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI, and Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Ying Li, through counsel, petitions for review of the BIA decisions denying her motion to reopen and her subsequent motion to reopen and reconsider her removal proceedings. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Khouzam v. Ashcroft*, 361 F.3d 161, 165 (2d. Cir.2004). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur*, 413 F.3d at 233–34; *Ke Zhen Zhao v. DOJ*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

██ The BIA did not abuse its discretion in denying Li's June 2004 motion to reopen and September 2004 motion to reopen and reconsider. To the extent that Li's September 2004 motion was a motion to reconsider, the BIA reasonably found that it did not apply an incorrect standard to Li's June 2004 motion to reopen when it found that "an applicant for a motion to reopen bears a heavy burden to demonstrate such action is warranted." *See INS v. Abudu*, 485 U.S. 94, 110, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988) (stating that a motion to reopen is analogous to a motion for a new trial in a criminal case on the basis of newly discovered evidence, and that, therefore, movant faces a "heavy burden"). Further, while the BIA's ultimate determination that Li did not demonstrate a well-founded fear of persecution was based, in part, on its finding that the U.S. State Department Reports on Human Rights in China did "not indicate that there is any national policy regarding the implementation of the population control law regarding children born outside of China," the BIA also based that determination on a reasonable assessment that the record did not demonstrate that Li or her spouse would face any problems with the population control authorities upon returning to China, much less that either "would face sterilization or that any problems that might occur would rise to the level of persecution."

██ The BIA considered Li's claim of ineffective assistance of counsel but found that Li did not prove her claim, because she "failed to demonstrate that she suffered prejudice as a result of the actions of [her] attorney." Because Li does not raise her claim of ineffective assistance to this Court, she has waived any challenge to the BIA's denial of that claim. *See Yueqing*

*Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005). Thus, to the extent that Li's September 2004 motion was a motion to reopen, the BIA reasonably found that it was barred by regulation as a second motion to reopen, given that she previously filed a motion to reopen in June 2004. *See* 8 C.F.R. §§ 1003.2(2)(c); 1003.23(4)(b). Further, the BIA considered the new evidence submitted by Li, but reasonably found that, "while [Li] may face problems such as fines ... the record simply fails to show that [she] would face persecution in China." *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir. 2005) (finding that, "[i]n the absence of solid support in the record" for petitioner's assertion that he will be subjected to persecution on account of his two U.S.-born children, "his fear is speculative at best"). The BIA also reasonably found that the evidence did not show changed country conditions sufficient to warrant an exception to the numerical limitations provided in 8 C.F.R. § 1003.2(c)(3)(ii), given that the information provided was either already in the record or not sufficient to show changed circumstances in China. Li's claim that the BIA "grossly misrepresented" information contained in the evidence she submitted is without merit.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).