**E–CHAI YANG, Petitioner,**

v.

**Alberto GONZALES, United States Attorney General, Respondent.**

**No. 04–6624–ag.**

United States Court of Appeals, Second Circuit.

March 14, 2006.

Kimberly Ellis, New York, New York, for Petitioner.

Valarie Hays, Assistant United States Attorney (Patrick Fitzgerald, United States Attorney, Northern District of Illinois; on the brief, Edmond E. Chang and Carole J. Ryczek, Assistant United States Attorneys), Chicago, Illinois, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. SONIA SOTOMAYOR, and Hon. ROBERT A. KATZMANN, Circuit Judges.

**SUMMARY ORDER**

E–Chai Yang petitions for review of the BIA's denial of her motion to reopen her removal proceedings. We presume the parties' familiarity with the underlying facts and procedural history of the case.

▆ This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). To

prevail on a motion to reopen, a petitioner must establish, among other things, *prima facie* eligibility for asylum, meaning she must have a realistic chance of establishing eligibility. *See Poradisova v. Gonzales,* 420 F.3d 70, 78 (2d Cir.2005). In her motion to reopen, Yang offered two family planning notices issued in April 2004, one demanding that Yang report for a sterilization procedure and the other demanding that she pay a fine of 20,000 yuan. The BIA denied Yang's motion to reopen, in part, on the ground that these notices were insufficient rebuttal to the IJ's adverse credibility determination. The IJ had found Yang not to be credible in her fear of sterilization, which was the same basis on which she sought to pursue her asylum claim if removal proceedings were reopened. Therefore, it was not an abuse of discretion for the BIA to conclude that Yang's evidence failed to overcome the adverse credibility determination. *See Kaur,* 413 F.3d at 233–34; *Ke Zhen Zhao v. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001). Because Yang's claims for withholding and CAT relief also relied on her fear of sterilization, the adverse credibility determination also prevented Yang from establishing *prima facie* eligibility for these forms of relief. *Cf. Ramsameachire v. Ashcroft,* 357 F.3d 169, 184–85 (2d Cir. 2004).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, we DENY the pending motion for a stay of removal.