**BING YUN GAO, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 04–2687–AG.

United States Court of Appeals, Second Circuit.

March 30, 2006.

Gary J. Yerman, New York, New York, for Petitioner.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Emily Berger, Cameron Elliot, Assistant United States Attorneys, of counsel, Brooklyn, New York, for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 30th day of March, two thousand and six.

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Bing Yun Gao, through counsel, petitions for review of a BIA decision denying his motion to reopen his removal proceedings. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Khouzam v. Ashcroft*, 361 F.3d 161, 165 (2d Cir.2004). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur*, 413 F.3d at 233–34.

The BIA did not abuse its discretion in denying Gao's motion to reopen. To the extent Gao's motion was a motion to reconsider, the BIA properly found that it was untimely under 8 C.F.R. § 1003.2(b)(2). Any motion challenging the BIA's February 10, 2003 decision had to be filed within 30 days after the mailing of the decision. *Id.* Gao did not file his motion until September 22, 2003, well beyond the filing deadline. To the extent the motion was a motion to reopen, the BIA properly found that it was filed beyond the 90–day deadline pursuant to 8 C.F.R. § 1003.2(c)(2). Moreover, nothing in Gao's motion suggested changed circumstances in China that might warrant an exception to the 90–day filing deadline for motions to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(ii). Further, the BIA also reasonably considered and rejected Gao's claim that his motion should be granted because he presented new law that would change the outcome of his case.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).