SUMMARY ORDER
Kai Wang Yang petitions for review of the February 2005 decision of the Board of Immigration Appeals (“BIA”) denying his motion to reopen his removal proceedings. We presume the parties’ familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.
This Court reviews the BIA’s denial of a motion to reopen for abuse of discretion. Kaur v. BIA 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA’s decision “provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner.” Ke Zhen Zhao v. United States Dep’t of Justice, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).
Contrary to Yang’s arguments on appeal, the BIA did not make any errors of fact or law in denying his motion, and therefore did not abuse its discretion. See id. at 93. Consistent with precedent, the BIA found that, for the most part, joining protest groups in the United States did not “support a withholding of deportation claim,” or by extension an asylum claim. See Matter of Kojoory, 12 I. & N. Dec. 215, 219, 1967 WL 13998 (BIA 1967); Matter of Nghiem, 11 I. & N. Dec. 541, 544, 1966 WL 14296 (BIA 1966). The BIA implied not that a finding of persecution is absolutely precluded under such circumstances, but that Yang’s evidence failed to compel such a finding, particularly when it did not indicate that the Chinese government was aware of his activities. Moreover, while both Kojoory and Nghiem were premised on the absence of any evidence of past persecution, Yang’s situation is parallel because the IJ found that his evidence of past persecution was not credible.
After the BIA affirmed the IJ’s denial of asylum twice, Yang was on notice that the inconsistencies in his claim of past persecution were the critical weakness in his ease. The IJ made clear that the strongest adverse factor was Yang’s failure to present any corroboration from his brother in Ohio. The instant motion to reopen failed to address this issue, nor has Yang presented any statement from his brother or explained its current unavailability, to date. Moreover, the evidence he presented with the instant motion was similar to that which he presented with his first motion, which, as the IJ explained, did not resolve the critical inconsistencies regarding his experience in China. The BIA did not abuse its discretion in finding that Yang did not establish a prima facie case for asylum by submitting more evidence previously described as inadequate. Cf. Zhou Yun Zhang v. INS, 386 F.3d 66, 78 (2d Cir.2004).
Finally, there was no underlying due process violation resulting from the IJ’s denial of Yang’s case on remand, without holding another hearing. Given the numerous opportunities Yang has had to litigate his claim, and the detailed consideration that claim has received at each stage, this Court cannot find that the BIA abused its discretion at the most recent stage.
For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal is this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in *192 accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).