**DE YING NI, Petitioner,**

v.

**BOARD OF IMMIGRATION
APPEALS, Respondent.**

No. 06–5364–ag.

United States Court of Appeals,
Second Circuit.

June 6, 2007.

Gary J. Yerman, New York, NY, for
Petitioner.

David E. Nahmias, United States Attorney for the Northern District of Georgia,
Laura K. Bonander, Assistant United
Sates Attorney, Atlanta, GA, for Respondent.

PRESENT: Hon. ROBERT D. SACK,
Hon. SONIA SOTOMAYOR, and Hon.
ROBERT A. KATZMANN, Circuit
Judges.

814

## SUMMARY ORDER

Petitioner De Ying Ni, a native and citizen of the People's Republic of China, seeks review of the October 27, 2006 order of the BIA denying her motion to reopen. *In re De Ying Ni,* No. A78 229 306 (B.I.A. Oct. 27, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

This case was previously before this Court in January 2006, when we remanded Ni's motion to the BIA because it had not addressed her evidence of changed country conditions to any extent when denying her motion as untimely. Normally, a motion to reopen must be filed within 90 days of the final administrative decision, but an alien is not subject to this time limitation if she demonstrates changed circumstances in her country of nationality. 8 C.F.R. § 1003.2(c)(2), (3)(ii). Upon review of the record and the 2005 State Department report,[1] of which the BIA took administrative notice, we conclude that the BIA adequately considered the evidence, and did not abuse its discretion in finding that Ni failed to demonstrate changed country conditions.

According to Ni, the Chinese government had "dramatically increased its use of force" to implement the family planning policy since it was codified into law in September 2002. However, the text of the 2002 law did not indicate any change in policy, and while the 2005 State Department report indicated that forced abortions and sterilizations "continued to be documented," it did not suggest any recent increase in documented cases. Moreover, Ni has never claimed to have more than one child, and as she is not currently in violation of the family planning policy, the BIA reasonably found her stated fears of punishment under the family planning policy speculative. *See Jian Xing Huang v. U.S. INS,* 421 F.3d 125, 128–29 (2d Cir. 2005). Accordingly, the BIA did not abuse its discretion in finding that she failed to establish changed country conditions, sufficient to warrant consideration of her untimely motion.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal is DISMISSED as moot.

---

1. U.S. Department of State, China: Country Reports on Human Rights Practices, 2005, *at* http://www.state.gov/g/drl/rls/hrrpt/2005/61605.htm (last updated Mar. 8, 2006).