**Mohammed S. ISLAM, Petitioner,**

v.

**Peter D. KEISLER,[1] Acting United States Attorney General, Respondent.**

No. 06–5868–ag.

United States Court of Appeals, Second Circuit.

Oct. 2, 2007.

Salim Sheikh, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General; Mary Jane Candaux, Assistant Director; Anh–Thu P. Mai, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

PRESENT: Hon. CHESTER J. STRAUB, Hon. B.D. PARKER, Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Mohammed S. Islam, a native and citizen of Bangladesh, seeks review of the November 29, 2006 order of the BIA denying his motion to reopen. *In re Mohammed S. Islam*, No. A73 620 950 (B.I.A. Nov. 29, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur v. BIA*, 413 F.3d 232, 233–34 (2d Cir.2005)(per curiam) (quoting *Ke Zhen Zhao*, 265 F.3d at 93 (internal citations omitted)).

The regulations require an alien seeking to reopen proceedings to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. 8 C.F.R. § 1003.2(c)(2). Here, there is no dispute that Islam's October 2005 motion was untimely because the BIA issued its final order in July 2003. Islam argues, however, that the BIA erred in denying his motion to reopen because he satisfied the "changed circumstances" exception to the 90–day filing deadline.

The 90–day filing deadline for motions to reopen does not apply where the motion is "based on changed circumstances arising in the country of nationality ... if such evidence is material and was not available and could not have been discovered or

presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). A motion to reopen should not be granted "unless the facts alleged would be sufficient, if proved, to change the result." *Kaur*, 413 F.3d at 234 (quoting *Ballenilla–Gonzalez v. INS*, 546 F.2d 515, 520 (2d Cir.1976)). Here, the BIA reasonably found that the 2004 State Department Country Report, which Islam submitted in support of his motion, did not establish changed country conditions in Bangladesh warranting the reopening of his proceedings. Although the 2004 Report indicates that "[v]iolence, often resulting in deaths, was a pervasive element in the country's politics and increased during the year," it does not indicate that members or supporters of the BNP, such as Islam, were the targets of such violence. Indeed, the report provides that the BNP was in power at the time of the report's publication.

Islam also argues that the BIA abused its discretion by failing to consider evidence of his pending I–130 petition for adjustment of status due to his marriage to a United States citizen. Adjustment of status, however, is not among the grounds that can excuse an untimely motion to reopen. *See* 8 C.F.R. § 1003.2(c)(3). Nor is his marriage or pending I–130 status the kind of changed circumstance that could excuse his delay. *See Wang v. BIA*, 437 F.3d 270, 273 (2d Cir.2006) (holding that a self-induced change in personal circumstances does not qualify under 8 C.F.R. § 1003.2(c)(3)(ii)). Accordingly, we find that the BIA did not abuse its discretion in denying Islam's motion to reopen. *See Ke Zhen Zhao*, 265 F.3d at 97.

The remaining arguments Islam raises do not relate to the agency's denial of his motion to reopen, but instead merely challenge the agency's denial of his underlying claims for relief. Where, as here, "an

asylum applicant does not file a timely appeal disputing the BIA's affirmance of the IJ's credibility ruling, a motion to re-open does not provide a collateral route by which the alien may challenge the validity of the original credibility determination." *Paul v. Gonzales,* 444 F.3d 148, 153 (2d Cir.2006). Thus, we are precluded from addressing Islam's arguments that seek review of the merits of his underlying claims for relief.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, petitioner's pending motion for a stay of removal in this petition is DISMISSED as moot.