**Nofi Jonadap Norman SIREGAR,
Petitioner,**

v.

**Michael B. MUKASEY, United States
Attorney General,[1] Respondent.**

**No. 07–1803–ag.**

United States Court of Appeals,
Second Circuit.

Feb. 28, 2008.

---

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

**80**

H. Raymond Fasano, Madeo & Fasano, New York, New York, for petitioner.

Peter D. Keisler, Assistant Attorney, General, Mark C. Walters, Assistant Director, Anh–Thu P. Mai, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. WALKER, Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Nofi Jonadap Norman Siregar, a native and citizen of Indonesia, seeks review of an April 27, 2007 order of the BIA denying his motion to reopen. *In re Siregar*, No. A 96 426 196 (B.I.A. April 27, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). "An abuse of discretion may be found in those circumstances where the [BIA]'s decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34 (internal quotation marks and citation omitted).

The BIA did not abuse its discretion in denying Siregar's motion to reopen. "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1) (2005); *Norani v. Gonzales*, 451 F.3d 292, 294 & n. 3 (2d Cir.2006). Failure to offer such evidence is, therefore, a proper ground on which the BIA may deny a motion to reopen. *See INS v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). Moreover, a motion to reopen must generally be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened. 8 C.F.R. § 1003.2(c)(2).

Here, there is no dispute that Siregar's motion was untimely where it was filed one and one-half years after the BIA's initial decision. An exception to the time limit exists for motions to reopen based on changed country conditions arising in the country to which removal has been ordered. *See* 8 C.F.R. § 1003.2(c)(3)(ii). However, the BIA correctly determined that Siregar failed to establish changed country conditions in Indonesia that would warrant reopening his removal proceedings. In support of his motion, Siregar submitted the State Department's International Religious Freedom Report for Indonesia for every year between 2002 and 2006. Citing dozens of examples, Siregar argues that these reports indicate an increase in Muslim attacks on churches, of church closings and of the killing of non-Muslims. However, we are not compelled to disturb the BIA's finding that these

documents instead establish a continued level of unrest in Indonesia, not changed country conditions. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii). As the BIA noted, while the reports describe incidents of violence, they also detail increased prosecution of the perpetrators of such violence, as well as increased protection of non-Muslims. Such mixed observations do not establish the type of changed country conditions that would merit reopening removal proceedings.

In addition, because Siregar's brief makes absolutely no mention of the BIA's denial of his motion to reissue its decision, any challenge to that decision is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, petitioner's motion for a stay of removal is DISMISSED as moot.