**Mohammed Tajul ISLAM, a.k.a. Tajul Islam a.k.a. Tazul Islam a.k.a. Mohammed Tazul Islam, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

No. 07–3623–ag.

United States Court of Appeals, Second Circuit.

Aug. 28, 2008.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Usman B. Ahmad, Long Island City, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Michelle Gorden Latour, Assistant Director, Brendan P. Hogan, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROSEMARY S. POOLER and Hon. ROBERT A. KATZMANN, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Mohammed Tajul Islam, a native and citizen of Bangladesh, seeks review of an August 3, 2007 order of the BIA denying his motion to reopen. *In re Mohammed Tajul Islam*, No. A96 423 837 (B.I.A. Aug. 3, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains

only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

█ We find that the BIA did not abuse its discretion in denying Islam's motion to reopen as untimely and numerically barred. *See* 8 C.F.R. § 1003.2(c)(2). It is beyond dispute that Islam's April 2007 motion to reopen was filed well beyond ninety days after October 26, 2005, when the IJ's June 29, 2005 order granting voluntary departure converted into a final order of removal. The BIA also properly found that Islam did not meet an exception to the time and numerical limitations applicable to such motions because he "failed to show changed country conditions or circumstances in Bangladesh that are material to his claim."[2] *See* 8 C.F.R. § 1003.2(c)(3)(ii). In this regard, the BIA found that "the 2005 Country Report does not indicate that conditions for members of the Jatiya Party have worsened since June 29, 2005." Indeed, while the 2005 Country Report indicates that Jatiya Party chairman Hossain Muhammed Ershad was arrested on politically motivated charges, it also indicates that the Bangladesh National Party ("BNP") formed a four-party coalition with the Jatiya party. The 2005 Country Report contained no other relevant information regarding the treatment of Jatiya party members.

Nor did the BIA err in finding that the news articles Islam submitted did not indicate that conditions had worsened for members of the Jatiya Party, or for Islam in particular.[3] In this respect, the BIA observed that "[m]ost of the problems evidenced in the articles involve conflict between the BNP and the [Awami League], not persecution of members of the Jatiya Party." Absent any argument from Islam as to how the BIA erred in analyzing these articles, we find no abuse of discretion in its conclusion.

█ Furthermore, Islam argues he was denied due process because the BIA's denial of his motion to reopen "resulted in the premature termination of his application for asylum." This argument is without merit. To establish a violation of due process, Islam must show that he was denied "fundamental fairness" or an opportunity to be heard. *See Burger v. Gonzales,* 498 F.3d 131, 134 (2d Cir.2007). Here, Islam had an opportunity to present his application for asylum before an IJ, but chose to withdraw that application and accept voluntary departure. Upon failing to comply with the voluntary departure order, the IJ's removal order became final and Islam was required to file a motion to reopen to seek any new relief. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. §§ 1003.2(c)(3)(ii), 1003.23(b)(4)(i). He did so, and the BIA properly denied that motion. As such, Islam can show no due process violation. *Cf. Burger,* 498 F.3d at 134.

For the foregoing reasons, the petition for review is DENIED. Any pending motion for a stay of removal in this petition is DISMISSED as moot.

---

**2.** The government argues that Islam has waived any challenge to the BIA's finding regarding changed country conditions. We conclude that he has not done so. *Cf. Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

**3.** Indeed, as the BIA found, some of the articles predated the IJ's June 2005 order and thus were not new or previously unavailable. *See* 8 C.F.R. § 1003.2(c)(1)