XIAO CHIN ZHENG, Petitioner,

v.

Michael B. MUKASEY, United States Attorney General,[1] Respondent.

No. 07–3741–ag.

United States Court of Appeals, Second Circuit.

Sept. 4, 2008.

Vlad Kuzmin, Kuzmin & Associates, PC, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General; Stephen J. Flynn, Senior Litigation Counsel; Peter H. Matson, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER and Hon. REENA RAGGI, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Xiao Chin Zheng, a native and citizen of China, seeks review of the July 31, 2007 order of the BIA denying her motion to reopen. *In re Xiao Chin Zheng,* No. A73 148 528 (B.I.A. July 31, 2007). We assume the parties' familiarity with the

---

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

underlying facts and procedural history of the case.

Generally, we review the agency's denial of a motion to reopen for an abuse of discretion. *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). In this case, the fugitive disentitlement doctrine arguably applies because, by notice dated October 21, 1999, the BIA directed Zheng to surrender for deportation on November 26, 1999. Zheng did not comply with this notice and instead filed three motions to reopen, in addition to the two she had already filed, alleging ineffective assistance of counsel and, in her last motion to reopen, seeking the opportunity to apply for relief on a new ground. To date, however, Zheng has neither denied receiving the notice to surrender for deportation, nor has Zheng explained her failure to comply. *See Gao v. Gonzales*, 481 F.3d 173, 176–77 (2d Cir.2007) (noting that the fugitive disentitlement doctrine "applies with full force to an alien who fails to comply with a notice to surrender for deportation").

■ We need not decide whether to exercise our equitable discretion pursuant to the fugitive disentitlement doctrine because, in any event, there is no substance to Zheng's petition. The BIA accurately found that Zheng's allegations of ineffective assistance of counsel were either not new, failed to meet the requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), or were based upon counsel's strategic choices rather than the substance of counsel's representation. The agency also accurately found that Zheng did not establish changed circumstances in her country of removal. Not only did Zheng fail to produce corroborating evidence that her membership in the China Democracy Party would expose her to a risk of persecution, but the BIA accurately found that such a claim constitutes a change in personal circumstances rather

than a change in country conditions. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273 (2d Cir.2006) (explaining that changes in an applicant's personal circumstances do not fit under the changed circumstances exception provided by 8 C.F.R. § 1003.2(c)(3)(ii)). Further, Zheng joined the Chinese Democracy Party after being ordered to leave the United States, and such a "self-induced change in personal circumstances" does not suffice to show changed country conditions. *Id.* at 274.

For the foregoing reasons, the petition for review is DENIED.