**ZHI QING LUI, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

No. 07–4530–ag.

United States Court of Appeals, Second Circuit.

Oct. 20, 2008.

Peter D. Lobel, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General; Aviva L. Poczter, Senior Litigation Counsel; M. Lee Quinn, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. REENA RAGGI and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Zhi Qing Lui, a native and citizen of the People's Republic of China, seeks review of the September 27, 2007 order of the BIA denying his motion to reopen. *In re Zhi Qing Lui,* No. A73 537 063 (B.I.A. Sep. 27, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation,

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. United States Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

We conclude that the BIA did not abuse its discretion in denying Lui's motion to reopen as time and number barred. With limited exceptions, a party may file only one motion to reopen removal proceedings and must do so no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened. 8 C.F.R. § 1003.2(c)(2). Lui concedes that he filed his second motion to reopen more than 90 days after the BIA's final administrative decision dated January 1997, but argues that he qualifies for an exception because the motion to reopen is "based on changed circumstances arising in the country of nationality...." 8 C.F.R. § 1003.2(c)(3)(ii). Lui offered as evidence of such "changed circumstances" an unauthenticated notice that he allegedly received in the United States from family planning authorities in China that orders him to report for "sterilization operations to void giving birth to the third child." The BIA noted "serious concerns regarding the authenticity of the village notice," observing that "the governmental authority referenced in the letterhead portion of the document is different from the authority signing the document" and that Liu failed to establish "how the Chinese government learned of his address in the United States or of his present situation, given his absence from China since 1991." The BIA considered these factors in light of the immigration judge's unchallenged

adverse credibility finding and reasonably declined to accord probative weight to Liu's submission. *See Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 146–48, 149 (2d Cir.2007) (holding that BIA reasonably refused to credit notice submitted with motion to reopen based on legitimate credibility concerns).

Lui has waived any challenge to the BIA's denial of his motion to reopen for adjustment of status and to its refusal to reopen his case *sua sponte. See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005) (holding that issues not sufficiently argued in briefs are considered waived and normally will not be addressed on appeal).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, petitioner's motion for a stay of removal in this petition is DISMISSED as moot.