Chikouna DOUKOURE, Petitioner,

v.

Eric H. HOLDER Jr., United States Attorney General,[1] Respondent.

No. 08–2035–ag.

United States Court of Appeals, Second Circuit.

March 11, 2009.

Douglas A. Grannan, Philadelphia, PA, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Michelle Gorden Latour, Assistant Director; Matt A. Crapo, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, DC, for Respondent.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

PRESENT: Hon. WILFRED FEINBERG, Hon. JOSEPH M. McLAUGHLIN and Hon. JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

Petitioner Chikouna Doukoure, a native and citizen of Côte d'Ivoire, seeks review of the January 25, 2008 order of the BIA denying his motion to reopen. *In re Chikouna Doukoure*, No. A98 642 521 (B.I.A. Jan. 25, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

■ In the absence of a statutory or regulatory mechanism permitting a motion to reopen for adjustment of status based on a marriage entered into after removal proceedings have commenced, the BIA has held that such a motion may be granted where: (1) the motion is timely filed; (2) the motion is not numerically barred; (3) the motion is not barred on procedural grounds; (4) the motion presents clear and convincing evidence indicating a strong likelihood that the applicant's marriage is bona fide; and (5) the DHS does not oppose the motion. *See Matter of Velarde–Pacheco*, 23 I. & N. Dec. 253, 256 (BIA 2002). Here, the BIA found that Doukoure was "procedurally barred" from adjusting his status pursuant to INA § 245(a) and (c) because he entered this country without inspection and was therefore inadmissible. Adjustment of status under INA § 245 is available to aliens who were "inspected and admitted or paroled into the United States." Aliens who were not admitted or paroled following inspection are restricted from adjusting their status under § 245 "unless the alien establishes eligibility under the provisions of section 245(i) of the [INA] and [8 C.F.R.] § 1245.10." 8 C.F.R. § 1245.1(b). Petitioner has waived any challenge to the BIA's finding that he is ineligible for adjustment of status under INA § 245(i). *See Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1 (2d Cir.2005) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal") (internal quotations and citations omitted).

■ The BIA did not abuse its discretion in denying Petitioner's motion to reopen where substantial evidence supported its finding that Petitioner was ineligible for adjustment of status under INA § 245(a) or (c) because he was not admitted or paroled into the United States following inspection by an immigration officer.[2] *See Shao v. Mukasey*, 546 F.3d 138, 143, n. 3 (2d Cir.2008). Petitioner argues that the BIA's opinion contained only conclusory statements and overlooked the exhibits that he submitted in support of his motion. Specifically, Petitioner points to a photocopy of a Dutch passport in the name of "Baris Tekeli" as evidence that he was admitted to the United States after inspection by an immigration officer in Chicago, Illinois. While the BIA did not address the passport, we assume that it reviewed the record evidence unless compelled to conclude to the contrary. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n. 17 (2d Cir.2006). As Petitioner concedes, his motion to reopen did not point to the passport as material evidence,

---

2. As the BIA's finding that Petitioner was ineligible for adjustment of status under INA § 245(a) and (c), 8 U.S.C. § 1255(a) and (c), is a nondiscretionary judgment regarding Petitioner's eligibility for discretionary relief, this Court has jurisdiction to review that determination. *See Rodriguez v. Gonzales*, 451 F.3d 60, 62 (2d Cir.2006).

and the BIA cannot be expected to parse the record, making the alien's arguments for him. *Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006).

■ Moreover, Petitioner's own testimony belied the assertion he made in his brief concerning his entry. Petitioner testified before the IJ that he had no documents to show when he came to the United States. However, during that testimony, he claimed to have entered at Buffalo, New York. In contrast, his asylum application provided that he entered at Burlington, Vermont. Now Petitioner asserts that the Dutch passport under the name "Baris Tekeli" was the one he actually used to enter the United States—at Chicago, Illinois. However, given the IJ's unchallenged (and entirely proper) finding that Petitioner's testimony regarding his entry into the United States was not credible, the BIA was under no obligation to credit Petitioner's third version of that entry. *See Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 147 (2d Cir.2007) (holding that an agency may reject unauthenticated or uncorroborated evidence submitted with a motion to reopen based on a previous adverse credibility determination). Accordingly, the BIA did not abuse its discretion in denying Petitioner's motion to reopen.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petitions DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).