**REN TAO ZHENG, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

No. 08–1509–ag.

United States Court of Appeals, Second Circuit.

March 13, 2009.

Ren Tao Zheng, pro se, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Linda S. Wernery, Assistant Director; Janice K. Redfern, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. ROSEMARY S. POOLER, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Ren Tao Zheng, a native and citizen of the People's Republic of China, seeks review of the March 17, 2008 order of the BIA denying his motion to reopen. *In re Ren Tao Zheng,* No. A78 400 220 (B.I.A. Mar. 17, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the agency's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). A movant's failure to

establish a *prima facie* case for the underlying substantive relief sought is a proper ground on which the BIA may deny a motion to reopen. *See INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

We find that the BIA did not abuse its discretion in denying the petitioner's motion to reopen where it reasonably found that the unauthenticated documents he submitted did not demonstrate his *prima facie* eligibility for asylum. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341–42 (2d Cir.2006) (emphasizing that the weight afforded to documentary evidence "lies largely within the discretion of the [agency]") (internal quotation omitted). As an initial matter, the petitioner does not challenge the BIA's finding that the summons he submitted was not an original document and was not accompanied by any information as to how it was obtained. Accordingly, he has waived any challenge to that finding, which stands as a proper basis for the agency's determination. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005); *see also Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 145 (2d Cir.2007) (finding that the BIA did not abuse its discretion in denying a motion to reopen, when, *inter alia,* an alleged "Village Notice" was "a document-questionable on its face, supported only by a spouse's affidavit, and not authenticated").

The petitioner does challenge the BIA's finding that his wife's letter was "insufficiently detailed" to establish that he faces a reasonable possibility that he will be persecuted in China; however, the letter states only that the petitioner was accused of being involved in "some kind of anti community party organization" and that he would "surely receive the punishment that [was] due[ ] to him." We cannot find that the BIA acted unreasonably in finding this letter "insufficiently detailed," thus meriting little weight. *See Xiao Ji Chen,* 471 F.3d at 341–42. Moreover, while the agency did not evaluate individually each document that the petitioner submitted, we do not require the agency to "expressly parse or refute on the record each individual argument or piece of evidence offered." *Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (internal citations omitted); *cf. Xiao Ji Chen,* 471 F.3d at 336 (holding that this Court does not require the IJ to engage in "robotic incantations" to show that the IJ examined each piece of evidence in the record as long as the IJ takes into account "significant factual assertions" offered by a petitioner).

Finally, we find no merit in the petitioner's argument that the BIA "unreasonably raise[d] the bar necessary for reopening" by requiring him to show that there is a "reasonable likelihood of his facing persecution if returned to China." Nothing in the BIA's decision indicates that it required the petitioner to prove more than a "realistic chance" that the petitioner would be able to establish eligibility for asylum. *See Ajdin v. BCIS,* 437 F.3d 261, 263 (2d Cir.2006) ("To prevail on the motion, the movant must also establish *prima facie* eligibility for asylum, *i.e.,* 'a realistic chance' that he will be able to establish eligibility.") (citation omitted). As the BIA reasonably found that the petitioner failed to meet his "heavy burden" of demonstrating that reopening was warranted, it did not abuse its discretion in denying his motion. *See Abudu,* 485 U.S. at 104–05, 110, 108 S.Ct. 904.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.