09-4331-ag
Sherpa v. Holder

BIA
A098 228 768

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of September, two thousand ten.

PRESENT:
>        DENNIS JACOBS,
>                *Chief Judge,*
>        GUIDO CALABRESI,
>        DEBRA ANN LIVINGSTON,
>                *Circuit Judges.*

_____

KANCHHI MAYA SHERPA A.K.A. KANCHI MAYA,
          *Petitioner,*

          v.                               09-4331-ag
                                           NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
          *Respondent.*

_____

FOR PETITIONER:        Khagendra Gharti-Chhetry, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Jennifer J. Keeney, Senior Litigation Counsel; Karen L. Melnik, Trial Attorney, Office of Immigration Litigation, United States Department

**of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Kanchhi Maya Sherpa, a native and citizen of Nepal, seeks review of a September 23, 2009, order of the BIA denying her third motion to reopen. *In re Kanchhi Maya Sherpa*, No. A098 228 768 (B.I.A. Sept. 23, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An alien may only file one motion to reopen and must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). However, there is no time or numerical limitations if the alien establishes materially "changed country conditions arising in the country of nationality." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). Here, Sherpa's third motion to reopen was indisputably untimely and number-barred. The BIA did not abuse its discretion in finding that she failed to establish changed country conditions excusing her untimely

filing.

Contrary to Sherpa's argument, the BIA properly relied on the immigration judge's underlying adverse credibility determination to reject her documentary evidence as insufficient to establish changed country conditions. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 142, 147-48 (2d Cir. 2007). Indeed, the BIA reasonably applied the doctrine *falsus in uno, falsus in omnibus*, in rejecting Sherpa's unauthenticated and unreliable affidavits. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007). Moreover, the record does not indicate that the BIA failed to consider any of the evidence Sherpa submitted. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk