10-343-ag
Zheng v. Holder

BIA
A099 938 919
A099 938 920

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of April, two thousand twelve.

PRESENT:
            ROSEMARY S. POOLER,
            BARRINGTON D. PARKER,
            DENNY CHIN,
                  *Circuit Judges.*

_____

WAN ZHEN ZHENG, BIN CHEN,
            *Petitioners,*

            v.                                    10-343-ag
                                                  NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
            *Respondent.*

_____

FOR PETITIONERS:        Richard Tarzia, Belle Mead, New Jersey.

FOR RESPONDENT:         Tony West, Assistant Attorney General;
                        Ernesto H. Molina, Jr., Assistant
                        Director; Jeffery R. Leist, Attorney,
                        Office of Immigration Litigation,
                        United States Department of Justice,
                        Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioners Wan Zhen Zheng, and her husband, Bin Chen, natives and citizens of China, seek review of a January 6, 2010, decision of the BIA denying their motion to reopen. *In re Wan Zhen Zheng, Bin Chen,* Nos. A099 938 919/920 (B.I.A. Jan. 6, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005). As an initial matter, in their brief to this Court, petitioners waive any challenge to the BIA's denial of their motion to reopen insofar as it was based on their family planning claim. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005). Accordingly, the only issue before us is petitioners' challenge to the BIA's denial of their motion to reopen to pursue an application for asylum and withholding of removal based on Zheng's Christian faith.

The BIA did not abuse its discretion in denying reopening based on petitioners' failure to submit an application for

2

relief with their motion to reopen. *See* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings for the purpose of submitting an application for relief must be accompanied by the appropriate application for relief.").

The BIA also did not abuse its discretion in denying petitioners' motion to reopen based upon their failure to establish *prima facie* eligibility for relief based on Zheng's religion. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988). In this case, the BIA explicitly considered the relevant evidence of country conditions and reasonably found that although religious freedom was severely suppressed in certain regions of China, such as Tibetan areas and the Xinjiang Uighur Autonomous Region, membership in unregistered churches was common throughout much of China with many groups allowed to openly practice their religion without interference or harm. Moreover, the BIA did not err in determining that an unsworn letter from petitioners' relative, claiming to have been arrested and beaten for worshiping at an underground church in Fujian Province, was insufficient to demonstrate their *prima facie* eligibility for relief. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 159-61, 171 (2d Cir. 2008).

For the foregoing reasons, the petition for review is

DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk