**FEN GUANG CHEN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General [1], Respondent.**

No. 05–1135–ag.

United States Court of Appeals, Second Circuit.

March 18, 2008.

Dehai Zhang, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Jeffrey L. Bernstein, Senior Litigation Counsel, Office of Immigration Litigation; Matt A. Crapo, Trial Attorney, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Fen Guang Chen, a native and citizen of the People's Republic of China, seeks review of a February 25, 2005 order of the BIA denying his motion to reopen removal proceedings. *In re Fen Guang Chen*, No. A 73 674 049 (B.I.A. Feb. 25, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA denies a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

As an initial matter, the BIA did not abuse its discretion by finding that Chen filed his motion to reopen for the purpose of reapplying for asylum and, thus, was required to submit an asylum application in conjunction with his motion. Chen argues that he intended to file his asylum application after his motion to reopen was granted. However, because a motion to reopen "must be accompanied by the appropriate application for relief," the BIA did not abuse its discretion in finding that he was required to submit an asylum application with his motion to reopen. *See* 8 C.F.R. § 1003.2(c)(1).

We also find that the BIA properly determined that Chen failed to establish a well-founded fear of persecution in China because he is a practicing Christian. He argues that the BIA erred in finding that the letter he submitted from his minister indicates that the minister "lack[s] [ ] familiarity" with him. However, even if Chen is correct that the minister did not refer to him as "sister," the BIA's conclusion that he did not establish eligibility for asylum based on his religion is supported by its finding that he failed to demonstrate that his practice of Christianity would "fall outside of the practices of the government-sanctioned Christian churches within China." As such, the BIA did not abuse its discretion by finding that Chen failed to demonstrate that he would be persecuted on the basis of his Christianity, regardless of whether the letter from his minister

corroborates his claim that he is a practicing Christian. *Kaur,* 413 F.3d at 233–34.

Accordingly, because Chen failed to establish *prima facie* eligibility for asylum, the BIA's denial of his motion was not an abuse of discretion. *See I.N.S. v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).