**SHOU YUN CHEN, Petitioner,**

v.

**Michael B. MUKASEY,[1] Attorney General, Respondent.**

**No. 07–4077–ag.**

United States Court of Appeals, Second Circuit.

March 19, 2008.

Michael Brown, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, Mark C. Walters, Assistant Director, Peter H. Matson, Attorney, United States Department of Justice, Office of Immigration Litigation, Washington, District of Columbia, for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. SONIA SOTOMAYOR and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Shou Yun Chen, a native and citizen of China, seeks review of the August 28, 2007 order of the BIA denying his motion to reopen. *In re Shou Yun Chen,* No. A96 420 626 (B.I.A. Aug. 28, 2007). We assume the parties' familiarity with the

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as a respondent in this case.

underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34.

As an initial matter, we note that Chen's September 2007 petition is only timely as to the BIA's August 2007 order, and therefore we review only Chen's challenge to the denial of his motion to reopen. *See Stone v. INS,* 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995); *Ke Zhen Zhao v. United States Dep't of Justice,* 265 F.3d 83, 89–90 (2d Cir.2001). To the extent Chen challenges the agency's denial of relief in the underlying merits proceeding, we dismiss the petition for review. *See* 8 U.S.C. § 1252(b)(1).

 We find no abuse in discretion in the BIA's denial of Chen's motion to reopen because the evidence he submitted either could have been presented in the underlying proceeding or related to the same claim the agency had already deemed not credible. To the extent Chen's evidence could have been presented in the underlying proceeding, it was not "previously unavailable" as required by 8 C.F.R. § 1003.2(c)(1). To the extent Chen's new evidence concerned the same claim the agency found not credible in the underlying proceeding, the BIA acted properly in declining to consider it. *See Kaur,* 413 F.3d at 234 (concluding that BIA does not abuse its discretion in denying a motion to reopen where evidence submitted with that motion relates to same claim the agency found not credible in the underlying proceeding); *see also Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 147 (2d Cir.2007) (concluding that application of the doctrine *falsus in uno, falsus in omnibus* is appropriate where the agency rejects documentary evidence submitted with a motion to reopen by an alien who was found not credible in the underlying proceeding).

The BIA also did not abuse its discretion in finding that Chen failed to demonstrate eligibility for relief based on his then-pending asylee relative petition. Given that Chen failed to provide any evidence that the petition had been approved by the Department of Homeland Security or that the marriage was bona fide, he did not demonstrate his prima facie eligibility for adjustment of status. *See* 8 C.F.R. § 1208.21(b); *INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

 By papers dated February 29, 2008, Chen filed a "Motion to Supplement Administrative Record/Motion to Remand," arguing that this case should be remanded to the BIA because the I–730 Refugee/Asylee Relative Petition filed on his behalf has been approved. Chen attached receipt and approval forms to his motion indicating that the I–730 petition filed by his wife in December 2005 was approved in February 2008. It does not appear, however, that Chen presented this evidence to the BIA in the first instance. Because (1) petitioner seeks remand in order for the BIA to consider evidence that is not part of the administrative record and (2) agency regulations set forth procedures to reopen a case before the BIA for the taking of additional evidence, the exercise of any inherent equitable power to remand is not warranted. *See Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 269 (2d

Cir.2007); *see also* 8 U.S.C. § 1252(b)(4)(A).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. To permit petitioner to file another motion to reopen with the BIA, however, this time presenting evidence of his derivative asylee status, the order of removal is stayed for 30 calendar days from the date this order issues. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).