**XIU YING HUANG, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 06–2523–ag.

United States Court of Appeals, Second Circuit.

Dec. 5, 2008.

Gary J. Yerman, New York, NY, for Petitioner.

Peter W. Gaeta, Assistant United States Attorney, for Christopher J. Christie, United States Attorney, Newark, NJ, for Respondent.

PRESENT: Hon. AMALYA L. KEARSE, Hon. GUIDO CALABRESI and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner Xiu Ying Huang, a native and citizen of China, seeks review of a May 2, 2006 order of the BIA denying his motion to reopen its May 2002 decision affirming Immigration Judge ("IJ") Alan Vomacka's January 23, 1998 decision denying Huang's applications for asylum and withholding of removal. *In re Xiu Ying Huang*, No. A70 897 733 (B.I.A. May 2, 2006). We assume the parties' familiarity with the underlying facts of the case, the procedural history, and the scope of the issues on appeal.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005). "An abuse of discretion may be found in those circumstances where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* (internal quotation marks omitted). In general, a motion to reopen must be filed no later than ninety days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened. 8 C.F.R. § 1003.2(c)(2). Regulations, however, permit the BIA to grant an untimely motion if a petitioner can demonstrate "changed circumstances arising in the country of nationality or the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." *Id.* § 1003.2(c)(3)(ii). Even when a petitioner satisfies the unavailability condition noted in this regulation, however, the BIA will not reopen the case unless the petitioner is able to demonstrate a *prima facie* case of eligibility for asylum, which means he must show a "realistic chance" that he will be able to obtain such relief. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168 (2d Cir.2008) (internal quotation marks omitted). "This requires the alien to carry the 'heavy burden' of demonstrating that

the proffered new evidence would likely alter the result in [his] case." *Id.*

██ In the instant case, the BIA found that Huang did not meet the burden of establishing a *prima facie* case of eligibility, and we do not find that its conclusion constitutes an abuse of discretion. In support of his motion to reopen, Huang submitted evidence that he had three children, a copy of the People's Family Planning Law in China in 2002 ("PFPL"), an affidavit and congressional testimony from John Aird on Chinese family planning law, State Department country reports on China, and, *inter alia*, two news articles about Chinese family planning policy. After taking this evidence into consideration, the BIA did not err in finding that the new evidence presented was insufficient to change the result of its previous decision. Evidence that Huang had an additional child, though relevant to changed personal circumstances, does not demonstrate changed country conditions that could give rise to reopening. *See Yuen Jin v. Mukasey*, 538 F.3d 143, 151 (2d Cir.2008). Furthermore, none of the evidence that Huang submitted sufficiently shows that he will be subject to forced sterilization or other persecution based on having more than one child. This Court has repeatedly held that the Aird reports combined with a copy of the family planning law do not establish eligibility for relief. *See, e.g., Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006); *see also Jian Hui Shao*, 546 F.3d at 164 (explaining that "the Aird Affidavits are 'inadequate to establish the existence of an official policy of forced sterilization . . . and thus insufficient to show that the applicants were likely to face forced sterilization if returned to China'" (citing *Jin Xiu Chen v. United States DOJ*, 468 F.3d 109, 110 (2d Cir.2006))).

██ Even if the Court were to consider the so-called "*Guo* documents," *see Jian Hui Shao*, 546 F.3d at 146–47 (providing a history and description of these documents), which the Petitioner did not proffer, our Court has recently held that this evidence relating to family planning practices in Fujian Province does not categorically afford or deny refugee status to Chinese nationals with more than one child. *Id.* at 174. Instead, we accepted the BIA's decision to apply a case-by-case review to determine whether a petitioner with two or more children has a well-founded fear of persecution based on China's population control policies. *Id.* at 157.

Looking to the particular facts of this case, and given evidence in the record that there had not been a change in China's enforcement of family planning laws since Petitioner was ordered removed, the BIA did not abuse its discretion in finding that no new evidence merited changing its previous decision that Huang had not presented a well-founded fear of persecution.

We have reviewed all of Petitioner's arguments and find that they are without merit. Accordingly, the petition for review is DENIED. As we have completed our review, the stay of removal entered by this Court on June 16, 2006, is VACATED.