SUMMARY ORDER

Petitioner Chuan Le Zhou, a native and citizen of the People’s Republic of China, seeks review of the May 22, 2008 order of the BIA denying his motion to reopen. In re Chuan Le Zhou, No. A77 234 202 (B.I.A. May 22, 2008). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review the BIA’s denial of a motion to reopen for abuse of discretion. See Kaur v. BIA, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). We find that the BIA did not abuse its discretion in denying Zhou’s motion to reopen as untimely.
A motion to reopen must be filed within 90 days after the date on which a final administrative decision was rendered in the proceeding sought to be reopened. See 8 C.F.R. § 1003.2(c)(2). While it is well-established that the time limitation for motions to reopen may be equitably tolled to accommodate claims of ineffective assistance of counsel, a movant must demonstrate that he has exercised “due diligence” in vindicating his rights. See Iavorski v. INS, 232 F.3d 124, 135 (2d Cir. 2000) (concluding, as a matter of law, that the alien had failed to exercise due diligence during the nearly two-year period he sought to have tolled); see also Rashid v. Mukasey, 533 F.3d 127, 132 (2d Cir. 2008) (“[A]n alien is required to exercise due diligence both before and after he has or should have discovered ineffective assistance of counsel.”) (emphasis in original). Here, the BIA concluded that Zhou “has not exercised due diligence in raising this claim and has offered no persuasive argument that he was unavoidably prevented from exercising due diligence.” In fact, Zhou failed to allege in his motion that he pursued his claim with due diligence during the more than four years he seeks to toll. Accordingly, we cannot find that the BIA abused its discretion in denying Zhou’s motion to reopen on that basis. Ke Zhen Zhao v. U.S. Dep’t of Justice, 265 F.3d 83, 93 (2d Cir.2001).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).