**JIAN GUO ZHANG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF HOMELAND SECURITY, Board of Immigration Appeals, Eric H. Holder, Jr., Attorney General,\* Respondents.**

No. 08–0245–ag.

United States Court of Appeals, Second Circuit.

Aug. 20, 2009.

Pro se, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General; Linda S. Wernery, Assistant Director; Lindsay B. Glauner, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Civil Division, Washington, D.C., for Respondent.

PRESENT: GUIDO CALABRESI, JOSÉ A. CABRANES, and REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Jian Guo Zhang, a native and citizen of the People's Republic of China, seeks review of the December 21, 2007 order of the BIA denying his motion to reopen. *In re Jian Guo Zhang*, No. A070 901 563 (B.I.A. Dec. 21, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam).

The Supreme Court has made clear that the agency may properly deny a motion to reopen in its discretion, irrespective of the movant's eligibility for relief, where the underlying relief is discretionary. *See INS v. Abudu*, 485 U.S. 94, 105, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). Here, the BIA denied Petitioner's motion as a matter of discretion based on: (1) his failure to address, much less overcome, the underlying adverse credibility determination made in his proceedings; and (2) his failure to comply with a voluntary departure order. Even construing Petitioner's arguments broadly, *see Weixel v. Board of Educ.*, 287 F.3d 138, 145–46 (2d Cir.2002), he has waived any challenge to the BIA's discretionary denial of his motion to reopen. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir.2005). Because the BIA's exercise of discretion was alone a dispositive basis for the denial of Petitioner's motion, *Abudu*, 485 U.S. at 105, 108 S.Ct. 904, we need not address its alternate finding that Petitioner was not *prima facie* eligible for relief. Nevertheless, we note that the BIA did not err in denying Petitioner's motion where it questioned the evidence he submitted based on its prior finding that he was not credible. *See Kaur*, 413 F.3d at 234; *see also Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 148–49 (2d Cir.2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending mo-

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as a respondent in this case.

tion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).