10-664-ag (L)
Jiang v. Holder

BIA
A075 841 712
A079 456 516

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of February, two thousand eleven.

PRESENT:
    JOSÉ A. CABRANES,
    BARRINGTON D. PARKER,
    RICHARD C. WESLEY,
        *Circuit Judges.*

_____

SHAOBIN JIANG,ZHEN JIE WENG,
        *Petitioners,*

        v.                                      10-664-ag (L);
                                                10-665-ag (Con)
                                                NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONERS:        Gang Zhou, New York, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney
                        General; Paul Fiorino, Senior
                        Litigation Counsel; Katherine A.
                        Smith, Trial Attorney, Office of
                        Immigration Litigation, Civil
                        Division, United States Department
                        of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Shaobin Jiang and Zhen Jie Weng, wife and husband and natives and citizens of China, seek review of two January 29, 2010, orders of the BIA denying their joint motion to reopen. *In re Shaobin Jiang*, No. A079 456 516 (B.I.A. Jan. 29, 2010); *In re Zhen Jie Weng*, No. A075 841 712 (B.I.A. Jan. 29, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An alien may file only one motion to reopen and must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2).

Here, petitioners' motion to reopen was indisputably time-barred as it was filed eight years after the BIA's dismissal of Weng's appeal of his removal order and nearly four years after its dismissal of Jiang's appeal. *See* 8 C.F.R. § 1003.2(c)(2). However, there are no time or

numerical limitations if the alien establishes materially "changed country conditions arising in the country of nationality." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). Petitioners contend that the BIA abused its discretion in denying their motion as untimely because they established changed country conditions. We find no abuse of discretion.

As an initial matter, the BIA did not abuse its discretion in discounting the probative value of government documents the petitioners submitted from China, as those documents were not authenticated pursuant to 8 C.F.R. § 287.6. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143 (2d Cir. 2007); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006). Moreover, the BIA could have reasonably declined to credit this unauthenticated evidence based on the IJ's underlying determination that Jiang was not credible.

Further, the BIA did not abuse its discretion in finding that the petitioners did not establish a material change in country conditions establishing that Weng would face persecution in China as a Chinese Democracy Party ("CDP") activist. The BIA did not err in discounting the probative value of Weng's relatives' claims that he was the

3

subject of an investigation in China, because the weight afforded to the applicant's evidence lies largely within the discretion of the agency. *Xiao Ji Chen*, 471 F.3d at 342. Neither did the BIA abuse its discretion in finding that the petitioners' general evidence, establishing that CDP activists were increasingly persecuted in China, did not establish changes in China material to his application for asylum. Because that evidence did not demonstrate that CDP activists returning from the United States were mistreated it did not establish that Weng himself would face persecution for his actions in America. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

Additionally, petitioners' claim that they established a material change in China's family planning policy is foreclosed by this Court's decision in *Jian Hui Shao* because they did not establish that persons similarly situated to them were subjected to forcible sterilization in Fujian province. 546 F.3d at 160-61. The BIA did not err by summarily considering petitioners' evidence that it had previously considered in *Matter of S-Y-G-*, 24 I. & N. Dec. 247 (BIA 2007). While petitioners argue that the BIA erred in summarily considering their Response to Information

Requests from the Immigration and Refugee Board of Canada because it had not been considered by the BIA in *Matter of S-Y-G-*, any error in summarily considering the document was harmless because the document did not establish that persons similarly situated to the petitioners - individuals returning from the United States - were forcibly sterilized in Fujian province. *See Jian Hui Shao*, 546 F.3d at 160-61; *Xiao Ji Chen*, 471 F.3d at 338.

Finally, the BIA did not abuse its discretion, as petitioners' claims were insufficient to excuse the untimely filing of their motion to reopen because they demonstrated only changes in their personal circumstances. *See Yuen Jin v. Mukasey*, 538 F.3d 143, 155 (2d Cir. 2008).

As the BIA reasonably noted, petitioners' decision to have two children and Jiang's involvement with the CDP were self-induced. Therefore, the changes in their lives which they alleged made them vulnerable to future persecution constituted only a change in personal circumstances which did not exempt their motion from the applicable bars. *See Wei Guang Wang*, 437 F.3d at 272, 274 (making clear that the time and numerical limitations on motions to reopen may not be suspended because of a "self-induced change in personal

circumstances" that is "entirely of [the applicant's] own making after being ordered to leave the United States"). Accordingly, the BIA did not abuse its discretion in dismissing as untimely the petitioners' motion to reopen because they did not establish material changed country conditions. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6