10-4039-ag
Chen v. Holder

BIA
A077 997 454

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30ᵗʰ day of November, two thousand eleven.

PRESENT:
> GUIDO CALABRESI,
> REENA RAGGI,
> RICHARD C. WESLEY,
> *Circuit Judges.*

_____

YAN YUE CHEN, A.K.A. WAI SHAN CHAN,
> *Petitioner,*

v.                                          10-4039-ag
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Lee Ratner, of-counsel of Michael Brown, Law Offices of Michael Brown, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Cindy S. Ferrier, Senior Litigation Counsel; Michele Y. F. Sarko, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Yan Yue Chen, a native and citizen of the People's Republic of China, seeks review of the September 27, 2010, decision of the BIA denying her motion to reopen. *In re Yan Yue Chen*, No. A077 997 454 (B.I.A. Sept. 27, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA's denial of Chen's motion to reopen as untimely was not an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005). A motion to reopen generally must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Chen's 2010 motion was untimely, as the final administrative decision was issued in 2005. The time limitation does not apply to a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been

2

ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see* 8 U.S.C. § 1229a(c)(7)(C)(ii). However, the BIA did not abuse its discretion in finding that Chen failed to establish changed circumstances in China.

Chen contends that her Falun Gong activities in the United States constitute changed circumstances. As the BIA noted, Chen's Falun Gong activities, which she commenced in the United States in 2009, reflect a self-induced change in personal circumstances, and therefore do not exempt her motion from the time limitation. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006). Chen also argues that she demonstrated changed country conditions by submitting evidence showing that conditions in China had deteriorated for Falun Gong practitioners. However, the BIA's determination that the evidence failed to demonstrate changed country conditions since Chen's 2004 hearing is supported by substantial evidence. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir. 2008); *Matter of S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007). The only background materials Chen submitted relating to conditions in China for

Falun Gong practitioners was a 2007 United States Department of State Profile of Asylum Claims and Country Conditions for China, which indicated that "[t]he government has continued to wage a severe campaign against Falun Gong," and not that conditions had changed.

Finally, Chen argues that she demonstrated changed country conditions based on her submission of an affidavit from her father and an unauthenticated village committee notice, both of which indicated that Chinese government officials had learned of her practice of Falun Gong and that she would be subject to "severe punishment" for practicing Falun Gong in the United States upon her return to China. The BIA's determination that this evidence was of little probative value is entitled to deference, particularly in light of the agency's prior finding that Chen was not credible. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 148-49 (2d Cir. 2007) (holding that the BIA did not abuse its discretion in discrediting a purported village notice where the document was not authenticated and the alien had been found not credible by the IJ); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the weight afforded to an applicant's evidence in immigration proceedings "lies largely within the discretion" of the agency (internal quotation marks omitted)).

4

Because the evidence Chen submitted was insufficient to establish a change in country conditions, the BIA did not abuse its discretion in concluding that she failed to meet an exception to the filing deadline, and, accordingly, in denying her motion to reopen.  *See* 8 U.S.C. § 1229a(c)(7)(C)(i), (ii); 8 C.F.R. § 1003.2(c)(2), (3).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk