Huang v. Holder
BIA
A078 399 764

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 31st day of May, two thousand twelve.

PRESENT:
>        ROBERT A. KATZMANN,
>        PETER W. HALL,
>        RAYMOND J. LOHIER, JR.,
>               *Circuit Judges.*

————————————————————————————————

QI RI HUANG,
>        *Petitioner*,

>        v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent*.

11-2609-ag
NAC

————————————————————————————————

FOR PETITIONER:          Thomas D. Barra, New York, N.Y.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant
                         Attorney General; Paul Fiorino,
                         Senior Litigation Counsel; Benjamin
                         Mark Moss, Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Qi Ri Huang, a native and citizen of the People's Republic of China, seeks review of the May 31, 2011 order of the BIA denying his motion to reopen. *In re Qi Ri Huang*, No. A078 399 764 (B.I.A. May 31, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An alien may file one motion to reopen, generally no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Here, there is no dispute that Huang's 2011 motion was untimely because the agency issued the final administrative order in 2004. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). However, the time limitation does not apply to a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in

2

the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii).

In this case, we cannot conclude that the BIA abused its discretion in denying Huang's motion. As an initial matter, the BIA did not err in concluding that Huang's practice of Falun Gong in the United States is not a changed circumstance arising in China. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006) ("A self-induced change in personal circumstances cannot suffice [to reopen removal proceedings]."); *Yuen Jin v. Mukasey*, 538 F.3d 143, 155 (2d Cir. 2008) (same). *See also Yan Yue Chen v. Holder*, 446 F. App'x 383, 384 (2d Cir. 2011) (summary order) (holding that petitioner's "Falun Gong activities, which she commenced in the United States in 2009, reflect a self-induced change in personal circumstances, and therefore do not exempt her motion from the time limitation."). Huang argues that he is nonetheless entitled to reopen his case because he has demonstrated an increase in China's persecution of Falun Gong practitioners. However, the BIA's determination that the evidence failed to demonstrate changed circumstances in

3

China is supported by substantial evidence.  While the evidence indicates that repression of Falun Gong practitioners increased during the 2008 Olympics, it also indicates that the repression has been constant and ongoing since well before Huang's hearing in 2003.  *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (reviewing the BIA's factual findings regarding changed country conditions under the substantial evidence standard); *Matter of S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.").

Because the evidence Huang submitted was insufficient to establish a material change in country conditions, and because his recent dedication to Falun Gong constitutes only a change in personal circumstances, the BIA did not abuse its discretion in concluding that he failed to meet an exception to the filing deadline and, accordingly, in denying his untimely motion to reopen.  *See* 8 U.S.C. § 1229a(c)(7)(C)(i), (ii); 8 C.F.R. § 1003.2(c)(2), (3).

For the foregoing reasons, the petition for review is

DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5