10-958-ag
Lucero v. Holder

BIA
A077 543 536

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of March, two thousand twelve.

PRESENT:
ROSEMARY S. POOLER,
DEBRA ANN LIVINGSTON,
DENNY CHIN,
*Circuit Judges.*

_____

MARIANO LUCERO,
*Petitioner,*

v.                                              10-958-ag
                                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:         Samuel Iroegbu, Albany, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney
                        General; Carl H. McIntyre, Jr.,
                        Assistant Director; Marion E.
                        Guyton, Trial Attorney, Office of
                        Immigration Litigation, United
                        States Department of Justice,
                        Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mariano Lucero, a native and citizen of Mexico, seeks review of a February 19, 2010, decision of the BIA denying his motion to reopen. *In re Mariano Lucero*, No. A077 543 536 (B.I.A. Feb. 19, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). The BIA did not abuse its discretion in denying Lucero's motion to reopen as untimely. As the BIA noted, Lucero's final order of removal was entered in 2007, but Lucero did not file his motion to reopen until 2009, well beyond the 90-day deadline. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Moreover, the BIA reasonably concluded that Lucero's purported eligibility to adjust status did not excuse the time limitation for filing his motion to reopen. *See Matter of Yauri*, 25 I. & N. Dec. 103, 105 (BIA 2009) (emphasizing

2

"that untimely motions to reopen to pursue an application for adjustment of status . . . do not fall within any of the statutory or regulatory exceptions to the time limits for motions to reopen before the Board") (citing 8 U.S.C. § 1229a(c)(7)(C)(ii)-(iv) and 8 C.F.R. § 1003.2(c)(3)).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk