Zhang v. Holder

BIA
A099 934 675

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of August, two thousand fourteen.

PRESENT:
    DENNIS JACOBS,
    DENNY CHIN,
    RAYMOND J. LOHIER, JR.,
        *Circuit Judges.*

_____

FA CHANG ZHANG,
        *Petitioner,*

    v.                                    12-1673
                                          NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:      Scott E. Bratton, Margaret Wong &
                     Associates, Cleveland, OH.

FOR RESPONDENT:      Stuart F. Delery, Assistant Attorney
                     General; Leslie Mckay, Assistant
                     Director; Margot L. Carter, Trial
                     Attorney, Office of Immigration
                     Litigation, United States Department
                     of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Fa Chang Zhang, a native and citizen of the People's Republic of China, seeks review of the April 10, 2012, decision of the BIA denying his motion to reopen. *In re Fa Chang Zhang*, No. A099 934 675 (B.I.A. Apr. 10, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The BIA's denial of Zhang's motion to reopen was not an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005). An alien may file one motion to reopen no later than 90 days after the date on which the final administrative decision has been rendered in the proceedings sought to be reopened. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Zhang's 2011 motion was untimely and number-barred, as it was his second motion to reopen, and the final administrative decision was issued in 2009. However, the time and number limitations do not apply to a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been

2

ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing."  8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii).

As the BIA noted, Zhang's 2010 conversion to Christianity reflects a self-induced change in personal circumstances rather than a change in country conditions, and therefore does not exempt his motion from the applicable bars.  *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006).

The BIA may also deny a motion to reopen when the movant fails to establish his *prima facie* eligibility for the underlying relief sought.  See *INS v. Abudu*, 485 U.S. 94, 104-05 (1988).  The BIA did not abuse its discretion in concluding that Zhang failed to establish an objectively reasonable fear of future persecution based on his Christian faith because he did not show that anyone in China was aware of his conversion or sought to persecute him because of it. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 138 (2d Cir. 2008); *Jian Hui Shao v. Mukasey,* 546 F.3d 138, 172 (2d Cir. 2008).

3

Because Zhang's failure to demonstrate his *prima facie* eligibility for relief is dispositive of his motion to reopen, we do not reach the BIA's additional finding concerning changed country conditions.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4